# O'Neill *et al. versus* Wilt.

1. A bond under the Sheriff's Interpleader Act is forfeited, if on the trial of the issue the plaintiff is nonsuited under the Act of April 14th 1846, for the non-appearance at the trial of himself or his counsel and the goods are not afterwards forthcoming.

2. The issue is under the power of the court as other issues, and the plaintiffs can be compelled to try or submit to a nonsuit.

3. The power of the court is not arbitrary, but of sound discretion, to be exercised in view of the circumstances.

4. The nonsuit ends the particular issue and determines it in favor of the execution-creditor so far at least that the sheriff may sell the goods, without liability to an action of trespass.

5. Whether the claimant's right of property is finally barred by such nonsuit not determined.

February 11th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 160, to January Term 1873.

This was an action of debt on a bond in a sheriff's interpleader, brought March 30th 1872, by Charles Wilt against Charles O'Neill, Alexander Patton and Alexander Foster.

To January Term 1870 of the District Court, Charles Wilt issued a fieri facias on a judgment theretofore recovered by him against William Halpin, and levied upon goods as the property of Halpin. Charles O'Neill and Alexander Patton, two of the de-

[O'Neill *v.* Wilt.]

fendants, claimed the goods. The court awarded an issue to determine the ownership of the property, and under the order of the court, O'Neill and Patton, with Foster as their surety, entered into bond dated July 2d 1870, in the penalty of $1500, conditioned " that if the said goods, so levied upon and claimed as aforesaid, shall be forthcoming upon the determination of the said issue to answer the said writ of execution, if the said issue shall be determined in favor of said Charles Wilt, or if so many of them shall be forthcoming as shall be determined not to be the property of said Charles O'Neill and Alexander Patton, then this obligation to be null and void."

When the feigned issue came on for trial, neither the plaintiffs nor their attorney appearing, the court directed a nonsuit to be entered, under the Act of April 14th 1846, Pamph. L. 329, 2 Br. Purd. 1169, pl. 36.

A rule to show cause why the nonsuit should be taken off was granted. Testimony was heard under this rule, and it was discharged.

The plaintiff in this issue then brought this suit on the interpleader bond.

The cause was tried October 31st 1872, before Lynd, J. The plaintiff gave in evidence the record and proceedings under the execution; the bond, and the record of the nonsuit in the feigned issue. He also gave evidence of the value of the goods levied on under the execution and claimed by the defendants, and that they had not been forthcoming.

The court instructed the jury to find for the plaintiff for the amount of his claim, if they believed the testimony as to the value of the goods, and reserved the question whether the nonsuit in the feigned issue was a determination of that issue within the meaning of the condition of the bond upon which this suit is brought.

The jury found for the plaintiff for $868.81.

The court in banc afterwards entered judgment for the plaintiff on the verdict upon the point reserved.

The defendants took out a writ of error and assigned for error the entering of judgment for the plaintiff on the point reserved.

*W. S. Price* (with whom was *G. H. Armstrong*), for plaintiffs in error.—The surety, Foster, was not a party to the feigned issue, and should have the determination of a jury before his contingent liability could be fixed: Sheriff's Interpleader Act, April 10th 1848, sec. 9, Pamph. L. 450, 1 Br. Purd. 643, pl. 48. A nonsuit cannot be entered in a feigned issue : Vansant *v.* Boileau, 1 Binn. 444 ; Muhlenberg *v.* Brock, 1 Casey 517.

*C. H. Hart,* for defendant in error.—In Pennsylvania a feigned issue is to every legal intent an action : Woods *v.* Woods, 17 S. &

R. 12; McDaniel *v.* Haly, 1 Miles 353; Ringwalt *v.* Ahl, 12 Casey 336.   The issue must be tried as a strict issue at law: Black *v.* Lamb, 1 Beasley 123; Black *v.* Shreve, 2 Id. 455; Carlisle *v.* Foster, 10 Ohio, N. S., 198; 2 Danl. Ch. Pr. (Perkins' ed.) 1115; 1 Hoff. Ch. Pr. 511; 1 Turn. Prac. 450; 3 Greenl. on Evid. 298. Plaintiff in a feigned issue may suffer a nonsuit, if for any reason he so desires: 2 Arch. Pr. 646; Buller's Nisi Prius 326; 3 Danl. Ch. Pr. 1305; Barnes *v.* Headley, 1 Campbell 164; Garrat *v.* Garrat, 4 Yeates 244; Hœcker *v.* Hœcker, 7 Phila. 371; Minium *v.* Hoig, 10 Casey 396.

The opinion of the court was delivered, February 16th 1874, by
AGNEW, C. J.—This was a sheriff's interpleader bond, conditioned that the goods levied upon "shall be forthcoming upon the determination of the said issue to answer the said writ of execution, if the said issue shall be determined in favor of the said Charles Wilt." The sole question is whether a peremptory nonsuit, under the Act of 14th April 1846, 2 Br. Dig. 1169, pl. 36, because of the non-appearance of the plaintiff in the issue or his counsel, is such a determination of the issue as will operate to forfeit the bond, if the goods be not forthcoming. We perceive no good reason why it is not. The issue is for the protection of the sheriff, and to save litigation: Bain *v.* Funk, 11 P. F. Smith 185; Bain *v.* Lyle, 18 Id. 60. It should be under the power and superintendence of the court, just as other issues are, else it would be in the power of parties to delay or prevent the trial, in disregard of the interests of justice. Hence the plaintiff can be forced to trial or compelled to submit to a nonsuit: Minium *v.* Horg, 10 Casey 396. The power of the court is not arbitrary, but one of sound discretion, to be exercised in view of the circumstances. If, therefore, the case be regularly on the trial list, and called for trial, and the plaintiff or his counsel do not appear, the court may, in the exercise of this discretion, order a nonsuit under the Act of 1846.

Without this power the controversy about the right of property in the goods may be prolonged indefinitely, to the prejudice of the execution-creditor.

This brings us to consider the effect of the nonsuit. If it be no determination of the issue in favor of the execution-creditor, a claimant, by repeated postponements, or by repeated renewals of the issue, may finally worry out the plaintiff in the writ by nonsuit after nonsuit. The claimant is entitled as of right to put one issue in the same case, and not to many. Hence, if there be a nonsuit, he cannot be reinstated in his issue, unless by the grace of the court for cause. It would be injustice to suffer him to renew the contest *de novo* as often as he is nonsuited. The nonsuit, therefore, ends the particular issue, when not set aside by the

[O'Neill *v.* Wilt.]

court, and this necessarily determines the issue in favor of the execution-creditor, so far at least that the sheriff may sell the goods without liability to the claimant's action for a trespass in the seizure and sale. The claimant having had his day in court, and failing to prosecute his claim, is barred of his action against the officer, and is bound to return the goods or forfeit his bond. Whether his right of property is finally barred by such a nonsuit, it is not necessary we should now determine, the question not being before us. It is sufficient to say the bond is forfeited if the goods be not forthcoming; and in such event the surety is bound as well as the principal.

Perceiving no error in the record, the judgment is affirmed.