## Phillips *versus* Reagan.

1. Under the Act of April 10th 1848, it is not necessary to a sheriff's interpleader that there should have been an actual levy.

2. The claimant having possession of the goods has no right to insist that there shall be a levy.

3. By an issue formed to try the right to the property under the order of the court, questions as to the sheriff's right to relief, are concluded by the order, and the trial is upon the issue awarded.

March 3d 1874.	Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.	WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county* : No. 45, to January Term 1873.

The proceeding in this case was under the Sheriff's Interpleader Act.

On the 19th of April 1869, John Phillips recovered a judgment in the Common Pleas of Schuylkill county against Isaac C. Hoch for $174.50. On the 11th of October 1871 Phillips issued an alias fi. fa. on this judgment, the execution came into the sheriff's hands at 11½ o'olock, A. M., of that day. He returned that, October 12th 1871, he had levied on some cattle and other personal property of the defendant in the execution specified in the levy.

On the 18th of October 1871, William Reagan gave notice to the sheriff that he had claimed certain of the articles levied on ; he specified them in his notice.

On the same day, James L. Pitman, the sheriff, petitioned the court, setting out the levy and Reagan's notice and praying for a rule for an issue to try the right to the property levied on.

The claimant gave the ordinary interpleader bond, and an issue was awarded in which Reagan, the claimant, was plaintiff, and Phillips, the plaintiff in the execution, was defendant.

The issue was tried, September 11th 1872, before Walker, J.

The plaintiff testified as to his ownership of the property, the circumstances of his purchase from Hoch, the defendant in the execution, &c.

H. H. Stauffer, who acted as deputy sheriff, testified, that as constable he had an execution at the suit of one Clark against Hoch, and levied on the cattle named in levy as the property of Hoch, and drove them to Ringtown and gave them to John Foose. Whilst they were in his possession Phillips paid the amount of Clark's judgment. Witness received the sheriff's execution October 12th, and entered the levy on his writ at Mahonoy City, nine miles from Ringtown; he did not see the cattle when he made the levy nor afterwards.

The question of fraud between Reagan and Hoch was raised in

[Phillips *v.* Reagan.]

the case and evidence given on it, but not being involved in the decision of the Supreme Court it need not be further noticed.

The court charged:—

* * * " In this case there was no seizure of the goods, either actual or constructive. The property being nine miles away it was out of the power and out of the view of the officer at the time he made the endorsement upon the writ. The goods were never in his custody and therefore there was no valid or legal levy made.

" The plaintiff's execution no doubt bound all the personal property of Hoch within the county from the time it came into the hands of the sheriff until the return-day, after which it ceased to be a lien in the absence of a valid levy to continue its operation. The right of the defendant to take the goods depends now upon the validity of his levy. That being illegal and void he cannot recover in this action from the evidence. * * *

"The rest of the evidence submitted to you to determine and the points made by counsel it is immaterial for the court to comment upon in this aspect of the case.

" We therefore instruct you on the law arising upon the evidence in this case to find a verdict in favor of the plaintiff."

The jury found for the plaintiff, the claimant.

The defendant took out a writ of error and assigned for error the charge of the court, and also the rulings of the court on questions of evidence which arose in the case.

*O. P. Bechtel* and *B. W. Cumming*, for plaintiff in error.— The question was not on the validity of the levy but whether the claimant owned the goods : Allentown Bank *v.* Beck, 13 Wright 394. The plaintiff's claim admitted the levy and he is estopped : McMahan *v.* McMahan, 1 Harris 381 ; Heitzman *v.* Divil, 1 Jones 268. The admission of the levy is a matter of record : Ranck *v.* Becker, 12 S. & R. 426 ; Kelly *v.* Eichman, 3 Wharton 419. An actual levy was not necessary to authorize a proceeding under the Sheriff's Interpleader Act, April 10th 1848, sect. 9, Pamph. L. 450 ; 1 Br. Purd. 643, pl. 48. It authorizes the proceeding when the goods have been taken in execution or entitled to be taken in execution and a fi. fa. binds defendant's property from the time the writ goes into the sheriff's hands : Duncan *v.* McCumber, 10 Watts 212.

*J. Ryan* and *J. W. Ryan,* for defendant in error.—The burden is on the plaintiff in the execution to show that the goods were the defendant's : Van Winkle *v.* Young, 1 Wright 214. To entitle the sheriff to a rule to interplead he must have made an actual levy : Baron *v.* McMackin, 1 Tr. & H. Pr. 723.

The opinion of the court was delivered, March 9th 1874, by
    SHARSWOOD, J.—Under the 9th section of the Act of April 10th

[Phillips *v.* Reagan.]

1848, Pamph. L. 450, it is not necessary to a sheriff's interpleader that there should have been an actual levy upon the goods which are the subject-matter of the adverse claim. The words of the act are, when any such claim has been or shall be made to any goods or chattels taken or "entitled to be taken in execution." The English statute of 1 & 2 Will. 4, chap. 58, sec. 6, from which our act seems to have been copied, provides, "when any such claim shall be made to any goods or chattels taken or intended to be taken in execution." In Day *v.* Carr, 7 Exch. Rep. 883, 16 English Law and Equity Reports 578, it was held by the Court of Exchequer, that no actual seizure or levy upon the goods was necessary. "The Interpleader Act," said Pollock, C. B., "clearly empowers the sheriff to apply to the court, if he goes with the intention of levying under a fi. fa., and a claim is set up to the goods; and in many cases he may be well justified in applying to the court before he perils himself by an actual seizure, under circumstances which might perhaps subject him not only to an action for the value of the goods, but also for damages for taking them." The statute requires an intention in the sheriff, and therefore when he withdraws from the possession upon an adverse claim he is not entitled to be relieved: Holton *v.* Guntrip, 3 M. & W. 145. Our act is even broader than the English statute, by substituting the word "entitled" for the word "intended." There is great reason why, when the goods of one man may be taken under an execution against another, that an actual levy should not be necessary. Every purpose of the act may be accomplished without it. Especially is this so when the goods are in the actual possession, not of the defendant in the execution, but of the adverse claimant. A very serious injury might be done to such a party by closing his store and putting a watchman in charge, even for the short period of time necessary to procure the order of the court for the interpleader.

It may be that upon the rule by the sheriff calling upon the parties to interplead, the plaintiff in the execution may insist, for his own security, upon an actual levy and inventory. That seems to have been the case in Baron *v.* McMackin, in the District Court of Philadelphia, 1 Troubat & Haley 723–4. The dictum there was upon such a rule. But surely the claimant in whose possession the goods are has no such right. He is called upon to maintain or abandon his claim, and if he maintains it and gives bond he retains the possession, and if he abandons, a levy must follow. When an issue is formed to try the property under the order of the court, all questions as to the right of the sheriff to relief are concluded by the order, and the parties go to trial simply upon the issue awarded. We think, therefore, that the learned judge below fell into an error in directing a verdict for the plaintiff in the issue because there had been no actual levy. The other errors assigned

25 P. F. Smith—25

[*Phillips v.* Reagan.]

do not need to be noticed. We think the rulings upon points of evidence were correct.

Judgment reversed, and *venire facias de novo* awarded.