## PETER BYRNE v. JAMES HAYDEN.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 18, 1889—Decided February 11, 1889.

1. In an action upon a penal bond conditioned for the performance of a collateral undertaking, the plaintiff must not only aver, but, unless relieved by the pleadings, must prove, the breach as well as the damages sustained thereby, and the judgment should be for the penalty of the bond, to be released upon payment of the ascertained damages occasioned by the breach.

2. The proper measure of damages for the breach of a claimant's bond in sheriff's interpleader, is the value of the goods which according to the condition of the bond should have been forthcoming to answer the plaintiff's execution, and not the judgment, or the balance of the judgment, on which the execution issued.

3. The making and delivery of the claimant's bond does not discharge the goods claimed from the lien of the execution or substitute the bond for the goods, but operates merely as a transfer of the goods from the custody of the sheriff to that of the claimant, pending the determination of the issue as to their ownership.

4. If the plaintiff's statement of claim, in an action upon such bond, do not aver the value of the goods turned over to the claimant, as well as that they were not forthcoming at the determination of the issue in his favor, it is insufficient to entitle him to judgment for want of an affidavit of defence.

5. The plaintiff's statement under the act of May 25, 1887, P. L. 271, is of wider scope than the affidavit of defence law: it is a substitute for a formal declaration, and must exhibit a complete cause of action in such clear, express and unequivocal language, that if material averments are not denied by the defendant, a judgment in default may be entered and liquidated.

6. The practice under the sheriff's interpleader act is shown in this case, as well as in Bain v. Lyle, 68 Pa. 60; O'Neill v. Wilt, 75 Pa. 266; Phillips v. Reagan, 75 Pa. 381; Zacharias v. Totton, 90 Pa. 286.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 143 July Term 1888, Sup. Ct.; court below, No. 765 June Term 1877, C. P. No. 1.

On July 28, 1877, James Hayden obtained a judgment against one Martin Sheeran for $700, and on July 17th, issued an execution upon which a levy was made. A portion of the goods levied upon were sold, realizing $430.50. Other portions of the goods were claimed by Patrick Early and John Campbell, respectively. On September 18, 1877, rules for sheriff's interpleaders were made absolute, and, the claimants having filed the usual bonds, feigned issues were ordered. These issues were called for trial on September 23, 1881, judgments of nonsuit entered in each case, and motions to take off the same afterwards overruled.

On May 1, 1888, James Hayden, the plaintiff in the judgment, brought actions in assumpsit against Patrick Early and John Campbell, severally, impleading Peter Byrne, the surety upon both bonds, and filed statements of claim in each case which set out the entry of the original judgment against Sheeran and that there was a balance due thereon of $350.17; the feigned issue proceedings and the filing of bonds by the claimants in $800, with Peter Byrne as surety, "conditioned that said goods should be forthcoming upon the determination of the said issue in favor of said James Hayden;" that "said feigned issue was determined in favor of said James Hayden on November 16, 1881, and said goods have not been forthcoming to answer the said writ of execution; and therefore the said bond is in full force and virtue." A copy of the bond in $800 then followed which recited the issuance of an execution at the suit of the plaintiff and a levy "upon the goods and chattels mentioned in the schedule annexed and marked A, which said goods are claimed," etc., followed by a recital of the awarding of the issue, and the obligatory part of the bond. The statement then closed with the jurat of the plaintiff. No schedule A, or copy thereof was attached.

An affidavit of defence was filed in each case by Byrne, the surety, which set out that the bond given by the defendant was conditioned for the return of the goods, and upon failure

thereof plaintiff was entitled to recover their value only, and that plaintiff had failed to set forth this value, but claimed to recover the balance due upon the judgment against Martin Sheeran, which he was not entitled to recover, unless the goods were shown to be of that value.

On May 23, 1888, a rule was taken in each case for judgment for want of a sufficient affidavit of defence, and on March 26, 1888, the court in banc, ALLISON, P. J., without opinion filed made the rules absolute, and judgments were entered in each case in favor of the plaintiff for $581.39, the balance due upon said judgment, with interest from June 2, 1877. Thereupon the defendant, Byrne, in the action against Campbell, took this writ and assigned as error the order entering judgment for want of a sufficient affidavit of defence.

*Mr. J. W. Logue* (with him *Mr. William Gorman*), for the plaintiff in error:

1. The plaintiff brought suit upon a bond, the condition of which was the return of the goods if they should be found not to be the property of the claimant. In case the goods were not forthcoming, only their value could be recovered. This value must be shown by testimony; the plaintiff cannot arbitrarily fix it by the amount of the judgment, and no appraisement appearing, it can only be determined by a jury.

2. The bond is for the return of the goods or their value, nothing else; and, being a conditional obligation, an averment by the plaintiff, which does not appear by the instrument upon which suit is brought, or anywhere else, to be the value of the goods, or what the plaintiff sustained in damage by their not being forthcoming, does not bring it within the affidavit of defence law: McKeone Soap Mfg. Co. v. Religious Press Ass'n, 115 Pa. 310; Calhoun v. B. & L. Association, 104 Pa. 392; Sands v. Fritz, 84 Pa. 15; Weidel v. Roseberry, 13 S. & R. 181; Shiras v. McAdam, 3 W. N. 326; Lycoming F. Ins. Co. v. Brierly, 10 W. N. 46.

*Mr. James F. Bullitt* and *Mr. Richard C. Dale*, for the defendant in error:

1. The instrument set out in the statement is for the payment of money, to be void upon the performance by the de-

fendants of the condition expressed, namely, that the goods levied upon and claimed should be forthcoming to answer the writ of execution, if the issue framed should be determined in favor of plaintiff. This the statement avers and the record before the court shows, has not been done, and the plaintiff's right to recover is complete. His recovery is properly limited to the damage he has actually suffered, that is, to so much of the judgment as is unsatisfied. The statement avers that amount and it is shown by the record also.

2. That this statement of claim is within the affidavit of defence law is shown by the principles laid down in Vulcanite Paving Co. v. Traction Co., 115 Pa. 280, which but followed the doctrine of Bank of U. S. v. Thayer, 2 W. & S. 443. And see Dewey v. Dupuy, 2 W. & S. 553; Sutton v. Base-Ball Club, 4 W. N. 90; Fertig v. Maley, 5 W. N. 133; Leonhardt v. Curtiss, 18 W. N. 63 , Mathews v. Sharp, 99 Pa. 560; Hackett v. Carnell, 106 Pa. 291 ; Brenizer v. Cahill, 6 W. N. 147; Rusk v. Clifford, 10 W. N. 238; Rile v. Worl, 1 Phila. 45; Collins v. Schlichter, 11 Phila. 349.

3. It is submitted also, that the instrument in this case of itself is sufficient to put the defendant to his oath that the goods were not of a value sufficient to satisfy the balance of the judgment: Dunn v. Chapman, 6 W. N. 15; Chandler v. Ziegler, 10 W. N. 338; Washington Ice Co. v. Webster, 125 U. S. 426.

OPINION, MR. JUSTICE STERRETT:

This suit is on a claim property bond given pursuant to an order of court awarding a feigned issue to try the title of John Campbell, one of the obligors, to certain personal property levied on by virtue of an execution issued by James Hayden, defendant in error, and claimed by said Campbell. The bond, reciting the proceedings in which it was given, was executed by Campbell, as principal, and Peter Byrne, plaintiff in error, as surety, in the penal sum of $700, conditioned that the goods so levied on and claimed by Campbell " shall be forthcoming on the determination of said issue, to answer said writ of execution, if the said issue shall be determined in favor of said James Hayden," etc.

The proceedings, leading up to the giving of this and another

bond of similar import, and to the final determination of the
issues in favor of the execution creditor, may be summarized as
follows : In 1877 Hayden having obtained judgment against
Martin Sheeran for $700 and issued execution thereon, levied
on certain goods and realized $430.50 from the sale of a por-
tion thereof.   Some of the goods so levied on, but not sold,
were claimed by said Campbell and the residue by Patrick
Early.   In due course feigned issues under the Sheriff's Inter-
pleader act were awarded to try the title of said claimants to
the goods so claimed by them respectively.   Bond was given
by each claimant with plaintiff in error as surety, and, there-
upon, the goods claimed by each were delivered to them respec-
tively.   Subsequently in 1881 the issues were called for trial
and the plaintiff in each was nonsuited.   In May, 1888, suit
was brought on each bond by Hayden, the obligee therein
named.   The case now before us is the suit against Campbell
and his surety Byrne.   The sheriff's return as to Campbell
being "nihil habet," the cause was proceeded in to judgment
against Byrne.   The sole contention is that the court below
erred in entering judgment against him for want of a sufficient
affidavit of defence, because plaintiff's statement of claim is
defective and does not entitle him to such judgment.

After reciting the proceedings which resulted in awarding
the feigned issue, etc., plaintiff below avers that on November
16, 1881, the issue was determined in his favor, and that "said
goods have not been forthcoming to answer the said writ of
execution, and therefore said bond is in full force and virtue ;"
and then concludes by appending a copy of the bond on which
this action is grounded.   The copy contains, inter alia, a reci-
tal that the sheriff "has levied on the goods and chattels men-
tioned in the schedule annexed and marked A, which goods and
chattels are by the said John Campbell claimed to be his pro-
perty."   No copy of the schedule, thus referred to as annexed
to the bond, is given, and no explanation of its absence is
attempted; nor is there any averment as to what the "goods
and chattels" were, or what was their value.   It is undoubtedly
elementary law that, in an action on a penal bond, conditioned
for the performance of any collateral undertaking, such as the
forthcoming of personal property, etc., it is incumbent on the
plaintiff not only to aver, but, unless relieved by the pleadings,

to prove the breach as well as the damages sustained thereby. The breach averred in this case is the non-forthcoming of certain goods to answer plaintiff's writ of execution; but there is no averment as to the kind, quantity, or value of the goods that should have been forthcoming. For aught that appears in the statement, the court below could not know whether they were worth five dollars or five hundred dollars. In short, there is nothing by which the damages sustained by plaintiff can possibly be liquidated. The proper form of judgment on a penal bond is for the penalty named therein, to be released upon payment of the ascertained amount of damages occasioned by the breach of the condition. It cannot be doubted that the proper measure of damages for such a breach as that averred in this case, is the value of the goods, which, according to the condition of the bond, should have been forthcoming to answer plaintiff's execution, and not the judgment, or balance of the judgment, on which the execution was issued. The latter is not, nor could it have been intended to be, the measure of damages for such a breach. The judgment may be $500, $5,000, or any other sum, while the value of the goods in question may not exceed $15 or $20. If the condition of the bond is performed the goods are sold by the sheriff, and the proceeds, less costs, applied to the execution creditor entitled thereto. On the other hand, if the condition is broken, the damage sustained by the creditor is the sum that would have been realized by the sale of the goods, and presumptively that is their value.

As above stated, unless the plaintiff is relieved therefrom by the pleadings, it is incumbent on him not only to aver both the breach and the damages sustained thereby, but to prove both on the trial. It necessarily follows that he is not in a position to demand a liquidated judgment for damages unless he has set forth in his declaration or statement of claim, a cause of action complete in all its essential ingredients. An averment of the balance due on the execution creditor's judgment is not an averment of the damages sustained by breach of the bond, unless it is also averred that the goods which should have been forthcoming were worth as much as or more than the balance of the judgment. The bond in suit contains no such condition, express or implied, as that the obligors shall pay the balance of defendant in error's judgment, without regard to what may

have been the value of the goods. As was said by Mr. Justice SHARSWOOD, in Bain v. Lyle, 68 Pa. 60, the court, in such cases, might have prescribed a form of bond, conditioned for absolute payment of the appraised value of the goods upon determination of the issue in favor of the execution creditor; but, instead of doing so, the policy of a forthcoming bond was adopted. It has been repeatedly held that the execution and delivery of such bond does not discharge the goods from the lien of the execution or substitute the bond for the goods. It merely operates as a transfer of the goods from the custody of the sheriff to that of the claimant, pending the issue as to their ownership. Accordingly, the established practice is for the sheriff to proceed and sell the goods as soon as it has been determined that they are not the property of the claimant. If for any reason the execution has been returned with levy, etc., a venditioni exponas founded thereon is issued; and if the goods are not forthcoming to answer the execution a return of that fact by the sheriff fixes the obligors in the bond for the value of the goods. The practice under our interpleader act has been fully considered and settled in several cases, among which are Bain v. Lyle, supra; O'Neill v. Wilt, 75 Pa. 266; Phillips v. Reagan, 75 Pa. 381; Zacharias v. Totton, 90 Pa. 286.

It appears from the docket entries that the fieri facias against Sheeran in 1877 was returned, "levied, etc., and sold a portion of said property for $430.50," etc. It does not appear whether, after the final determination of the feigned issue, a venditioni post fieri facias, etc., was issued and demand made for the goods or not; but, in view of the distinct and uncontradicted averment that the goods were not forthcoming to answer the writ of execution, the statement of claim, in that respect, is sufficient. The only serious defect in the statement is the want of an averment as to the value of the goods. In the absence of that, there is nothing by which to measure the damages sustained by the breach complained of.

It has been suggested that, the breach being admitted, it may fairly be presumed the goods were worth at least as much as the balance due on the judgment. Such a proposition as that is untenable. The fact that the condition of the bond has been broken does not shift the burden of proof from the

obligee to the obligors; nor is there any reason in this case why it should. Before the goods passed into the possession of the claimant they were in the custody of the sheriff, and the plaintiff in the execution had at least an equal opportunity with the claimant to know what they were and what their value was; and, if he neglected to have them scheduled and appraised, it was his own fault. In correct practice that should always be done; and the recital in the bond, above referred to, indicates that the goods in question were in fact scheduled. If they were, it was plaintiff's duty to have filed a copy of the schedule as an exhibit attached to and made part of the bond.

There is nothing in the suggestion that the instrument is not within the affidavit of defence rule. The act of 1887 providing for filing statement of claim, etc., was intended to have a wider scope than the old affidavit of defence law. It is necessary however that the statement should contain all the ingredients of a complete cause of action, averred in clear, express, and unequivocal language, so that if the defendant is unable to controvert or deny one or more of the material averments of claim, a judgment in default of an affidavit or sufficient affidavit of defence may be entered and liquidated. The elements of such liquidation must be furnished, at least to the extent that the maxim, id certum est quod certum reddi potest, may properly apply. The statement authorized by the act is a substitute for a formal declaration. The affidavit of defence in this case is in the nature of a demurrer to the plaintiff's statement of claim. If the latter is defective, as has been shown, the affidavit of defence is sufficient to prevent a summary judgment for plaintiff.

Judgment reversed, and a procedendo awarded.