## Albert P. Reger, Appellant, *v.* Manhattan Brass Company and William Wiler.

*Measure of damages—Claim property bond in sheriff's interpleader.*

The true measure of damages in a proceeding on a forthcoming claim property bond, given under sheriff's interpleader proceedings, where, on determination of the issue against the claimant, the goods have not been returned and the bond has thereby become forfeited, is the value of the goods, with interest, from the time the goods were to be forthcoming according to the tenor of the bond, and not from the date of the bond.

Argued Oct. 5, 1897. Appeal, No. 12, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 903, for want of a sufficient affidavit of defense against William Wiler. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. sur recognizance. Before PENNYPACKER, J.

This action is a scire facias sur recognizance given in sheriff's interpleader proceedings, in which the claimant had failed to sustain its title to the goods claimed. To the above scire facias the defendants, principal and surety, filed separate affidavits of defense. Plaintiff thereupon took rules for judgment for want

of sufficient affidavits of defense, and the court, by special order, entered judgment for the plaintiff for the full value of the goods claimed and costs, with interest from the return day of the vend. ex., to wit: October 7, 1895. The plaintiffs claimed judgment, however, for the value of the goods, with interest from the date of their taking, October 23, 1891, and for defendants' costs in the interpleader proceedings, which was refused, and from the entry of this judgment the plaintiff has taken this appeal.

The court below entered judgment in favor of the plaintiff for $1,634.24 with interest from October 7, 1895. Plaintiff appealed, alleging that judgment should have been entered in the penal sum of $3,200 to be released on payment of $1,611.74, together with interest thereon from October 23, 1891, and $22.50 defendants' costs in the interpleader proceedings and costs of suit.

*Errors assigned* were (1) In making the following order for judgment, to wit: " And now, July 8, 1896, it is ordered that judgment be entered in favor of the plaintiff against the Manhattan Brass Company in the sum of $1,634.23, with interest from October 7, 1895; that the plaintiff have leave to serve a copy of the amended scire facias upon William Wiler, the other defendant, and that the said Wiler have leave to file a supplemental affidavit of defense within one week from the time of such service of the copy of the sci. fa." (2) In making the following order for judgment, viz: " And now, October 7, 1896, it is ordered that judgment be entered in favor of the plaintiff against William Wiler in the sum or $1,634.24, with interest from October 7, 1895." (3) In not entering judgment in favor of the plaintiff, and against the defendants, the Manhattan Brass Company and William Wiler, for the sum of $3,200, to be released on payment of $1,611.74, together with interest thereon from October 23, 1891, and $22.50, defendants' costs in the interpleader proceedings, and costs of suit.

*M. Hampton Todd*, for appellant.—The plaintiffs are entitled to compensation, and the only means by which they can obtain compensation is to give them the value of the goods of which they were deprived, with interest from the date of the unlawful claiming: O'Neill v. Wilt, 75 Pa. 266.

The measure of damages contended for here is sustained by the somewhat analogous proceedings in replevin: McCabe v. Morehead, 1 W. & S. 513.

In McInroy v. Dyer, 47 Pa. 118, in an action of trespass the rule was laid down to be "what will make the plaintiff whole is the same in one form of action as in another. No distinction is recognized by the courts." To the same effect is Hill v. Canfield, 56 Pa. 454.

*John Weaver*, with him *John Sparhawk, Jr.*, for appellees.— Is the amount to be recovered upon the bond the value of the goods, with interest, from the date of the bond, or the value of the goods, with interest, from the time the goods were to be forthcoming, according to the tenor of the bond? Bain v. Lyle, 68 Pa. 60; Byrne v. Hayden, 124 Pa. 170; Sedgwick's Appeal, 7 W. & S. 260; Passavant v. Gummy, 32 W. N. C. 217; Whitesides v. Bordman, 39 Leg. Int. 347.

OPINION BY ORLADY, J., January 18, 1898:

The sole question in controversy in this case is concisely stated by appellant's counsel. What is the true measure of damage in a proceeding on a forthcoming claim property bond, given under sheriff's interpleader proceedings, where, on the determination of the issue against the claimant, the goods have not been returned and the bond thereby becomes forfeited? The plaintiff claimed to recover the value of the goods as appraised, $1,611.74, with interest from the date they were taken from under his execution, namely October 23, 1891, and the defendant's costs, $22.50 in the interpleader proceedings. Judgment was entered for want of a sufficient affidavit of defense, as contended for by the plaintiff, except that interest was allowed only from the day on which the venditioni exponas was returned, eloigned, namely, October 7, 1895.

The amount in dispute being the difference in interest on the amount of the judgment between the dates mentioned. The bond is in the penal sum of $3,200, and the condition is "that if the goods so levied upon and claimed as aforesaid, shall be forthcoming upon the determination of the issue to answer the said writ of execution, if the said issue shall be determined in favor of the said Albert P. Reger et al., or if so

many of them shall be forthcoming as shall be determined not to be the property of the said Manhattan Brass Company, then this obligation to be null and void, otherwise to remain in full force and virtue." The goods were taken from under the plaintiff's execution, and upon the filing of the claim property bond delivered into the possession of the Manhattan Brass Company, the claimants. As shown by the record, these goods were not forthcoming to answer the writ of venditioni exponas, and the sheriff made return of eloigned thereto. Compensation for being kept from what rightfully belongs to the plaintiff is not compensation for being kept out of the use of property, but for being kept out of the use of money. In cases of trover, replevin and trespass, interest on the value of property unlawfully taken or converted is allowed by way of damages for the purpose of complete indemnity of the party injured, and it is difficult to see why, on the same principle, interest on the value of property lost or destroyed by the wrongful or negligent act of another may not be included in the damages : Sedgwick on Damages (8th ed.), sec. 316; McInroy v. Dyer, 47 Pa. 118. The reasons for the decisions being that in these instances there is an absolute conversion of the property, and the possession is taken from its former owner.

The judgment in this case is intended to represent the value of the property at the time it was subject to execution after the title to it had been disposed of in the interpleader proceeding.

A claim property bond is security for the damages which may be recovered. Nothing but money can be recovered on it. That part of the bond usually given by the defendant which provides for a return of the property is a nullity. The judgment, if a verdict is found for the plaintiff, can only be for damages. The bond is not simply that the goods shall be forthcoming, but in order to answer the execution of the plaintiff— the execution upon which the levy is made—not an alias execution with its necessary accompaniment of a new levy, but that identical execution or one following it up and perfecting it as a venditioni exponas : Bain v. Lyle, 68 Pa. 60.

On the giving of the bond the property is placed in the custody of the claimant. His custody is substituted for that of the sheriff. The property is not withdrawn from the custody of the law. In the hands of the claimant under the bond for its

delivery to the sheriff, the property is as free from the reach of other processes as it would have been in the hands of the sheriff: Hagan v. Lucas, 10 Peters, U. S. 400; Lantz v. Worthington, 4 Pa. 153; Tefft v. Sternberg, 5 L. R. A. 221 and notes; Curtis v. Ford, 10 L. R. A. 529 and notes; Parsons v. Hartman, 30 L. R. A. 98 and notes.

Had the goods in this case been held by the sheriff, the appellant's argument would not contend for interest earlier than October 7, 1895, and if the claimant's custody is a mere substitute for that of the law the conclusion reached is the same.

It has been repeatedly held that the execution and delivery of such bond does not discharge the goods from the lien of the execution or substitute the bond for the goods. It merely operates as a transfer of the goods from the custody of the sheriff to that of the claimant, pending the issue as to their ownership: Bain v. Lyle, supra.

If the condition of the bond is performed, the goods are sold by the sheriff, and the proceeds, less costs, applied to the execution creditor entitled thereto. On the other hand, if the condition is broken, the damage sustained by the creditor is the sum that would have been realized by the sale of the goods, and that presumptively is their value: Byrne v. Hayden, 124 Pa. 170. What sale is here meant? Certainly the one on the venditioni exponas which is under the levy of the original writ. The date of that sale could not have been earlier than October 7, 1895, prior to which time, under the decisions, the property was in the custody of the law. The value of the property is not questioned, and the amount of that part of the judgment is admittedly correct.

The judgment entered should have been for the penalty named therein to be released upon payment of the ascertained amount of damages occasioned by the breach of the condition, as stated in Byrne v. Hayden, supra, but it is not a reversible error as this court has full power to enter judgment for the proper sum, and in the proper form to make it conform to the statute: Carman v. Noble, 9 Pa. 366, 372; Act of June 24, 1895, P. L. 212; Commonwealth v. Yeisley, ante, p. 273, decided at this term.

It is not necessary to dispose of the first assignment of error, the second is overruled, and the judgment as modified in form is affirmed.

It is now ordered that judgment be entered in favor of the plaintiff and against the defendants, the Manhattan Brass Company and William Wiler, for the sum of $3,200 to be released upon payment of the sum of $1,611.74 with interest from October 7, 1895, and $22.50 the defendant's costs in the interpleader proceeding, costs of suit and of this appeal.