# Badger v. Miller.

*Practice—Act of May 14, 1915—Statement of claim—Paragraphs—Lumping charge.*

1. Section 5 of the Practice Act of May 14, 1915, P. L. 483, as to numbered paragraphs, is to be reasonably construed.

2. A mere averment of a lump sum of damages is not sufficient.  The statement should indicate the basis upon which the claim for damages is made; the elements of such liquidation must be furnished.

3. Affidavit of defence raising the above points of law sustained on the latter ground.

*Assumpsit.*  Affidavit of defence raising question of law.  C. P. Union Co., Jan. T., 1921, No. 47.

*H. M. Showalter,* for plaintiff.

*Andrew A. Leiser, Cloyd Steininger* and *John A. Beard,* for defendant.

A. W. Johnson, P. J., May 7, 1921.—Defendant's affidavit of defence raises two questions for decision by the court:  First, whether the plaintiff's statement is properly paragraphed; and, secondly, whether plaintiff's statement of damages in a lump sum is sufficient.

As to the first point raised, whether plaintiff's statement is properly paragraphed, we hold plaintiff's statement sufficient.  We think it reasonably complies with section 5 of the Act of May 14, 1915, P. L. 483, which requires that plaintiff's statement shall be "divided into paragraphs numbered consecutively, each of which shall contain one material allegation."

But we think that it is not sufficient under the statement of facts in plaintiff's statement simply to state plaintiff's damages in a lump sum of $10,000. It is clear from plaintiff's statement that there are a number of items of damage alleged as flowing from the breach of contract, and the statement should set forth the different items of damage which go to make up the total sum of $10,000 claimed by the plaintiff.

In Cohen *v.* Wind & Co., 26 Dist. R. 158, plaintiff's allegations of damages was as follows:  "6. By means of the failure and refusal of the said M. Wind to keep the covenants and agreements of the contract aforesaid, plaintiff is greatly damaged, and to the amount of $2500."  As to this the court says: "It is necessary that the statement should contain all the ingredients of a complete cause of action averred in clear, express and unequivocal language, so that if the defendant is unable to controvert or deny one or more of the material averments of the claim, a judgment in default of an affidavit or sufficient affidavit may be entered and liquidated.  The statement should indicate the basis upon which the claim for damages is made, and a mere averment of a lump sum is not sufficient."  See, also, Lancaster and Berks Ry. Co. *v.* The Casualty Co. of America, 26 Dist. R. 761, 763, and Byrne *v.* Hayden, 124 Pa. 170, where, on page 177, Mr. Justice Sterrett, delivering the opinion of the court, said:  "It is necessary, however, that the statement should contain all the ingredients of a complete cause of action, averred in clear, express and unequivocal language, so that if the defendant is unable

1 D. & C.

to controvert or deny one or more of the material averments of claim, a judgment in default of an affidavit or sufficient affidavit of defence may be entered and liquidated. The elements of such liquidation must be furnished, at least to the extent that the maxim *id certum est quod certum reddi potest* may properly apply." The affidavit of defence herein is, therefore, sustained, with leave to the plaintiff to file an amended statement specifying the items of claim which make up the $10,000 within ten days from date hereof.

And now, May 7, 1921, the affidavit of defence is sustained and the plaintiff is allowed ten days to file an amended statement in accordance with the above opinion.