## Chambersburg Trust Co. v. Happel

*James A. Strite,* for plaintiff.

*H. Blair Minick,* for defendant.

DAVISON, P. J., March 6, 1937.—This is an action of assumpsit brought by plaintiff to recover certain county, school, and road taxes for the years 1933, 1934, and 1935, paid by plaintiff, as mortgagee, on real estate in Washington Township, this county, amounting to $572.61, and for which taxes it claims defendant was responsible as owner of said property and hence is liable to plaintiff for payment.

The real estate in question was purchased by Raymond G. Happel and Carey U. Hicks by deed dated April 1, 1932, and on that date they executed a bond and mortgage to the Chambersburg Trust Company covering it in the sum of $10,000. On a judgment of Frick Company against Raymond G. Happel and Carey U. Hicks, a fi. fa. was issued and the real estate was levied upon and sold by the Sheriff of Franklin County on February 3, 1933, to L. C. Happel, defendant herein, who continued as the owner thereof until the subsequent sale of it by the sheriff on the bond accompanying said mortgage, the lien of which had not been divested by the sheriff's sale on the Frick Company fi. fa. On December 30, 1935, judgment was confessed on the bond accompanying the mortgage in favor of the Chambersburg Trust Company against Raymond G. Happel, Edythe E. Happel, his wife, and Carey U. Hicks, and a fi. fa. was issued thereon and the real estate was again sold by the Sheriff of Franklin County on January 31, 1936, to plaintiff, the Chambersburg Trust Company.

The claim is for taxes for the years 1933, 1934, and 1935, it being set out in the statement of claim in paragraph 7 that the real estate was conveyed to L. C. Happel, defendant, by the sheriff on February 11, 1933, and that he continued to own it until, as set forth in paragraph 9, it was again sold by the sheriff to plaintiff on February 8, 1936. It is also alleged in the statement of claim that L. C. Happel did not pay said taxes for said years and that they were paid by plaintiff and that it, plaintiff, is entitled to recover the same from defendant.

The right of a mortgagee to recover taxes paid by it under these circumstances is not raised at the present time and is not, therefore, before us for discussion or decision.

A petition for a more specific statement of claim was filed by defendant and a rule granted on plaintiff to show cause why it should not file a more specific statement. An answer was filed to that rule, and this is the matter now before us. The questions raised by the petition and answer refer to paragraphs 10 and 14 of the statement of claim. Paragraph 10 is as follows:

"The Road Supervisors of Washington Township, the School Directors of Washington Township and the Commissioners of the County of Franklin caused to be levied and assessed certain taxes for the years 1933, 1934 and 1935 which became liens upon said tract of land referred to in the third paragraph of the plaintiff's statement of claim. Said taxes are enumerated in the thirteenth paragraph of the plaintiff's statement of claim."

Paragraph 14 is as follows:

"All of the taxes enumerated in the thirteenth paragraph of plaintiff's statement of claim were liens upon the real estate described in the third paragraph of plaintiff's statement of claim and should have been paid by the defendant, L. C. Happel, but were not paid by him and were paid by plaintiff, Chambersburg Trust Company. Wherefore, there is due and owing from the defendant, L. C. Happel, to the plaintiff, Chambersburg Trust Com-

pany, the sum of Five Hundred Seventy-Two Dollars, Sixty-One Cents ($572.61) with interest from October 28, 1936."

The petition for a more specific statement of claim sets forth that it is vague, indefinite, and lacking in particularity, in that:

"1. Paragraph 10 of said statement is not sufficiently specific in that while it is alleged therein the Road Supervisors and School Directors of Washington Township and the Commissioners of the County of Franklin caused to be levied and assessed certain taxes for the years 1933, 1934, and 1935, which are alleged to have become liens upon the tract of land referred to in said petition, neither in said paragraph nor elsewhere in the statement is there any allegation as to when or as to against whom said taxes were assessed.

"2. Paragraph 14 of said statement is not sufficiently explicit in that while it is alleged therein that all taxes enumerated in the preceding paragraph of the statement were liens upon the real estate described in the third paragraph of the statement and should have been paid by the defendant, neither in said paragraph nor elsewhere in said statement is there any allegation that said taxes were assessed against the defendant or that taxes for the year 1933 were assessed subsequently to the defendant's alleged acquisition of title to the real estate."

The answer of plaintiff to the rule avers that paragraph 10, when read in connection with paragraphs 7 and 9, shows defendant was the owner of the real estate from February 3, 1933, to January 31, 1936, and therefore responsible for the taxes for the years 1933, 1934, and 1935, no matter in whose name said real estate was assessed, taxes being assessed against the property and not against the owner; and that paragraph 14, when read in connection with paragraphs 7 and 9, shows the same situation and is, therefore, sufficient. In his able brief he urges this view on us with great earnestness. We cannot, however, agree with his contention. The paragraphs cited

by him do show the time during which defendant owned said real estate, but to our mind defendant is entitled to more information than this in a plaintiff's statement of claim arising under the circumstances of this claim.

The Practice Act of May 14, 1915, P. L. 483, sec. 5, requires that every pleading shall contain a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, and it is said in Byrne v. Hayden, 124 Pa. 170, that it is necessary that the statement should contain all the ingredients of a complete cause of action, averred in clear, express, and unequivocal language. These requirements are intended for the protection of both plaintiff and defendant, so that plaintiff may have a right to a judgment for want of an affidavit of defense or of a sufficient affidavit when his statement of claim is thus properly drawn, and, also, so that defendant may know exactly what he is required to meet so that he may chart his further course, whether it be by an affidavit of defense raising questions of law or by an affidavit to the merits, or by no affidavit if he realizes from a proper statement that he has not a good or legal defense.

In the instant case, whether the taxes are assessed against the land and not the individual, and when they were assessed, as affecting the liability of defendant for their payment, the defendant is entitled to know from the statement of claim the facts on which plaintiff bases its claim against him, so that he may know if that claim should be met by an affidavit in the nature of a demurrer, or by an affidavit to the merits, or by an acknowledgment of the validity of the claim. It may well be that he or his counsel cannot know what step they should take next until they have the full information they are entitled to from the statement of claim. The time when said taxes were levied and against whom they were levied may raise questions of law which would decide the next step of defendant, and he is entitled to that information.

We will make the rule absolute and require a more specific statement of claim in these particulars: When were said taxes levied and against whom were they levied?

Now, March 6, 1937, the rule is made absolute. Plaintiff is permitted to file a more specific statement of claim as to when and against whom said taxes were levied, within 15 days from this date.

From Albert Strite, Chambersburg.