## Babb v. Bullock

*C. Henry Nicholson,* for plaintiff.

*Robert L. Wolfe,* for defendant.

FLICK, P. J., January 14, 1964.—Before the court are two motions. Plaintiff has moved to continue the trial of this action to the May term of 1964 for the reason that he is financially unable to make the trip from Arizona to Warren, and is further unable to provide the necessary funds to have the required medical testimony presented at the trial. Defendant David M. Elmquist has moved for a compulsory nonsuit under Pennsylvania Rule of Civil Procedure 218 for failure of the plaintiff to proceed with the action.

Complaint in trespass was filed July 12, 1962. As shown in the order made following the pretrial conference, the action arises out of a collision between a motor vehicle in which plaintiff was a passenger, owned

and operated by defendant Dean M. Bullock, and a vehicle owned and operated by defendant David M. Elmquist. No answer was filed by defendant David M. Elmquist. The answer filed by defendant Dean M. Bullock avers as new matter that plaintiff by joint tort-feasor release, under seal, did release defendant Dean M. Bullock from all claims in connection with the cause of action alleged in plaintiff's complaint.

The case was listed for trial on the civil jury trial list for November 1962, and was reported ready for trial at the calendar call held November 1, 1962. Pre-trial conference was held November 2, 1962. Monday, November 26, 1962, was set as the date for selection of a jury, and the trial was scheduled to begin at 9 a.m. on Wednesday, November 28, 1962. Plaintiff's counsel requested a continuance and on November 16, 1962, he wrote to counsel for each of defendants, with copy to the court, as follows:

"Today the Court granted a continuance of the above-entitled action in trespass for reason of business hardship averred by Mr. Babb. The case has been continued to the May Term, 1963. The Court stated that it will undoubtedly be the first case on the list to be tried, beginning the week of May 13, 1963."

At the request of plaintiff's counsel, the civil trial list for February 1963 was ignored in granting this continuance.

In May 1963, the case was reported at the calendar call as ready and selection of the jury was set for May 20th, with trial to commence on May 23, 1963. Plaintiff's counsel again requested a continuance of the trial on the ground of business hardship. The continuance was opposed by counsel for defendants. After consideration of the matter, the court made the following order:

"AND NOW, May 17, 1963, continuance of this case having been requested by counsel for the Plaintiff

on the ground that Plaintiff is unable to come here from his home in Arizona for trial at this term of court, and it appearing that the case was first listed for trial at the Civil Term in November 1962 at which time it was continued at the request of the Plaintiff and listed for trial in the February term, and again in February 1963 the trial was continued to the present Civil Trial list in May, It is Hereby

"ORDERED that trial of this case is continued and the same is to be listed on the Civil Trial list in November, 1963 and the Plaintiff is hereby warned that no further delay of the trial will be granted unless Plaintiff is mentally or physically incapacitated so that he is unable to proceed with the trial."

The case was listed for trial on the civil jury list for November 1963. At the calendar call on November 4, 1963, the case was again reported ready for trial. Monday, November 18, 1963, was set for selection of the jury, with trial to commence Friday, November 22, 1963. By revision of the jury trial schedule with approval of counsel, the trial was reset to commence on December 11, 1963. When another case in which counsel for plaintiff and one of defendant's were the same as in the instant case was settled, plaintiff's counsel requested that the trial date be advanced to December 2, 1963. This request was granted, as shown by the following letter dated November 15, 1963, from plaintiff's counsel with copy to the court:

"The case of Decker v. Dyke, which was scheduled for trial on December 2 and 3 was settled today, wherefore this leaves December 2 and 3 open on the trial list.

"I therefore requested that the case of Babb v. Bullock and Elmquist be advanced to December 2 and 3, and the court has granted this request.

"Therefore, on Monday, November 25, jury will be selected for the case of Babb v. Bullock and Elmquist,

and the trial of the case will begin on Monday, December 2, at 9:00 A. M."

At the time the foregoing changes in the trial date were made, no intimation was given by plaintiff's counsel that his client would not be able to come to Warren for the trial. However, on November 22, 1963, counsel for plaintiff filed the motion now before the court which reads as follows:

"Plaintiff moves to continue the trial of the above-entitled action to the May Term 1964, for the reason that he is financially unable at this time to make the trip from Arizona to Warren, and is further unable to provide the necessary funds to have the required medical testimony presented at the trial".

Counsel for defendants objected to any further continuance. On November 26, 1963, the court denied plaintiff's motion for a continuance of the trial to the May term, 1964, but allowed a continuance until December 11, 1963, in order to give plaintiff opportunity to arrange his finances so that he could come to Warren and proceed with his case, and wrote to counsel as follows:

"This afternoon a motion to continue the trial of the above-entitled action to the May Term, 1964, was presented by Mr. Nicholson.

"In view of the Court's Order of May 17, 1963, continuing the trial to the November Term and warning plaintiff that no further delay of the trial would be granted unless plaintiff is mentally or physically incapacitated so that he is unable to proceed, and also in view of the ground for continuance stated in the motion, to-wit: that plaintiff is financially unable at this time to come from Arizona to Warren and unable to pay for the required medical testimony, a continuance of the trial to the May Term 1964 was refused.

"As the jury panel is going to report on Wednesday, December 11, 1963, when a jury will be selected for

the trial of Kopf v. Com. Department of Highways, the trial of which will start immediately after selection of the jury, a continuance of Babb v. Bullock will be allowed to December 11, 1963. From the letter plaintiff wrote to his attorney it seems unlikely he wishes to proceed with the matter, but if he does wish to proceed the jury will be selected at 10 A. M. on Wednesday December 11, 1963 and the case will go to trial as soon as the trial of Kopf v. Commonwealth (estimated to be a one day case) is completed."

On December 11, 1963, counsel for plaintiff informed the court that plaintiff could not arrange his affairs so that he could come to Warren for the trial at that time, and a continuance to the May term of 1964 was again requested. Such continuance was again opposed, and on December 16, 1963, counsel for defendant David M. Elmquist filed his motion for compulsory nonsuit under Pa. R. C. P. 218. The court was reluctant to grant a compulsory nonsuit without giving counsel a chance to argue the matter, and an argument was held in open court on Wednesday, January 8, 1964. A final decision must now be made on both motions.

Pennsylvania Rule of Civil Procedure 218 provides as follows:

"When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be . . ."

The notation under this rule reads as follows:

"Notes: The first sentence of Rule 218 incorporates the practice of trial courts in Pennsylvania . . ."

In 5 Standard Pa. Pract., page 143, the following statement is made in regard to entering a compulsory nonsuit:

"The power of the court to enter a nonsuit if the plaintiff does not appear or is not ready when the case

is reached is not arbitrary, but is one of sound discretion to be exercised in view of the circumstances." Citing O'Neill v. Wilt, 75 Pa. 266.

The difficulty here presented is that plaintiff has moved from Warren County to the State of Arizona and finds himself financially unable to return to Warren in order to try his law suit. He cannot postpone the matter indefinitely for such a reason. The case has been set for trial on five different dates. It was listed for trial in November 1962, again in May 1963, again in November 1963 and again in December 1963. Plaintiff has asked for a continuance in each instance but has never given any ground other than financial difficulty.

In the court's opinion, plaintiff has been treated fairly and has been given ample opportunity to arrange his affairs so that he could come to Warren for a trial. Also, at pretrial it was called to the court's attention that plaintiff on execution of the joint tortfeasor release, releasing defendant Dean M. Bullock, received from said defendant's insurance carrier $4,138.72, which covered all of the special damages pleaded in the complaint.

In view of the record, and particularly the provision of the court's order of May 17, 1963, the court is of the opinion that the trial should not be put off to some future date on the ground requested in the motion filed by plaintiff's counsel. Therefore, plaintiff's motion for further continuance is denied and dismissed, and the motion of defendant David M. Elmquist for compulsory nonsuit is granted.

Wherefore, the court makes the following order:

### Order

And now, January 14, 1964, for the reasons stated in the foregoing opinion, the motion filed by counsel for plaintiff to continue the trial of the above-entitled action to the May term, 1964, is denied and dismissed,

and the motion filed by defendant David M. Elmquist's counsel for a compulsory nonsuit entered in this case under Pa. R. C. P. 218 is granted, and it is hereby ordered that a nonsuit be entered in this case, and the prothonotary is directed to make such entry on the record.

Record costs to be paid by plaintiff.