Bruder *v.* Philadelphia et al., Appellants.

Argued December 5, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*C. Brewster Rhoads,* with him *Lawrence M. C. Smith* and *Montgomery & McCracken,* for appellants, Samuel Finberg and Elizabeth A. Brick.—The tenant, American Stores Company, is solely responsible to third parties for the condition of the pavement at the time and place of the accident.

Where the entire premises are leased to one tenant the tenant is prima facie liable for injuries occurring to

third parties on the premises: Bears v. Ambler, 9 Pa. 193; Wolk v. Hotels Co., 284 Pa. 545; Phila. v. Merchant & Evans Co., 296 Pa. 126.

The basis of responsibility is a duty arising from the control and beneficial use of the premises: Harte v. Jones, 287 Pa. 37.

The rule that there is no liability on the part of the landlord when the premises are leased applies equally well to sidewalks as to other parts of the premises: Phila. v. Merchant & Evans, 296 Pa. 126; Hawkes v. Phila., 264 Pa. 346; Phila. v. Bergdoll, 24 Pa. Dist. R. 595.

The principle as to subdivided premises is the same as that when entire buildings are leased: Wolk v. Hotels Co., 284 Pa. 545; Dittus v. Johnson, 12 Pa. D. & C. 132; Roberts v. Lipschitz & Peters, 30 Pa. Dist. R. 484; Sloan v. Hirsch, 283 Pa. 230; Will v. Knoblauch, 92 Pa. Superior Ct. 537.

The true principle is that the outside of a building and the sidewalk belong to the leased premises if they are appurtenant thereto, a part thereof, or because they are in fact necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, or because it is manifest from the condition and situation of the property that it has been designed for the particular benefit of premises demised: Koplo & Koplo v. Ettenger, 84 Pa. Superior Ct. 358.

*Israel K. Levy,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, *G. Coe Farrier* and *Harry S. Platowsky,* Assistant City Solicitors, for appellants, City of Philadelphia.—In this case, the city takes the position that it is entitled to indemnity both from the owners and the tenant of the store portion of the building: Thorp v. Boudwin, 228 Pa. 165, 171; Wunder v. McLean, 134 Pa. 334, 339; Fow v. Roberts, 108 Pa. 489, 492.

Where a landlord divides his property into a store and several apartments, and leases them to different tenants, the tenant of the store is responsible for personal injuries caused by a defective sidewalk adjacent to the entrance of such store: Phila. v. Reading Co., 295 Pa. 183; Phila. v. Merchant & Evans Co., 296 Pa. 126; Slegel v. Lauer, 148 Pa. 236; Perkinpine v. Hogan, 47 Pa. Superior Ct. 22; Snyder v. Camp, 53 Pa. Superior Ct. 309; Cain v. Aspinwall-Delafield Co., 289 Pa. 535; Cohn v. May, 210 Pa. 615; Borman v. Improvement Co., 264 Pa. 156; Morse v. Chessman, 86 Pa. Superior Ct. 256.

The terms of the lease between landlord and tenant enure to the benefit of third persons in negligence cases: Cunningham v. Rogers, 225 Pa. 132; Hanley v. Ryan, 87 Pa. Superior Ct. 6; Rosser v. Cusani, 97 Pa. Superior Ct. 255; Levine v. McClenathan, 246 Pa. 374; Cohen v. Bank, 262 Pa. 76.

An owner in possession of the entire property is primarily responsible for a defective sidewalk in front thereof: Phila. v. Reading Co., 295 Pa. 183; Phila. v. Merchant & Evans Co., 296 Pa. 126.

Within the building itself, the owner is responsible for every part of the building used in common by the tenants: Wolk v. Hotels Co., 284 Pa. 545; Lerner v. Bergdoll, 285 Pa. 193; Baker v. Ellis, 248 Pa. 64; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Prager v. Gordon, 78 Pa. Superior Ct. 76; Will v. Knoblauch, 92 Pa. Superior Ct. 537; DuBois Recreation Co. v. Boyle, 95 Pa. Superior Ct. 219; Frater v. Kresge, 95 Pa. Superior Ct. 574.

Outside of the building and inside of the street line, the owner is also responsible for the defective condition of the premises: Fortunato v. Limestone Co., 278 Pa. 499.

Within the lines of the sidewalk abutting upon his divided premises, the owner is equally responsible for its defective condition: Brown v. Weaver, 17 W. N. C. 230;

Richey v. Armour, 293 Pa. 127; Koplo v. Ettenger, 84 Pa. Superior Ct. 358; Butler City v. Tel. Co., 93 Pa. Superior Ct. 533.

*Louis Wagner,* with him *Thomas Clary* and *R. A. Smith,* for appellee, Joseph H. Bruder.—An owner who leases portions of a building to different tenants is responsible for the safe condition of the abutting sidewalks: Frazier v. McLiesch, 99 Pa. Superior Ct. 168; Brown v. Weaver, 17 W. N. C. 230; Coles v. Schweppenheiser, 83 Pa. Superior Ct. 490; Harte v. Jones, 287 Pa. 37; Phila. v. Merchant & Evans, 296 Pa. 126; Hawkes v. Phila., 264 Pa. 346; Koplo & Koplo v. Ettenger, 84 Pa. Superior Ct. 358; Butler City v. Tel. Co., 93 Pa. Superior Ct. 533.

The duty of an owner to keep abutting sidewalks safe may not be delegated, and an agreement between him and his tenant will not relieve the owner of his liability but may give him a right to indemnity: Hanley v. Ryan, 87 Pa. Superior Ct. 6; Kane v. Lauer, 52 Pa. Superior Ct. 467.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

Joseph A. Bruder brought suit against the City of Philadelphia to recover damages for personal injuries which he sustained by a fall on a defective payment along property at the northwest corner of 57th and Farson Streets. The property was owned by Samuel Finberg and Elizabeth A. Brick. They rented different portions of it to several persons. The building was 17 feet 6 inches wide on Market Street and extended in depth along Farson Street 77 feet. The accident took place on the Market Street front.

The American Stores Company leased the storeroom on the first floor, occupying the whole Market Street front and extending 31 feet along Farson Street to an entrance way. It also leased the basement. That part of the first floor beyond the entrance way was leased to

another tenant, who also occupied apartments in the second floor; and, in addition, the second and third floors were rented to others. The store and basement were completely separated from the back part of the building by the entrance way and were without any communication to it. The entrance to the store was by a doorway across where the Market and Farson Streets walls joined.

After the suit was brought against the city, it issued sci. fas. and brought in the two owners and the American Stores Company as defendants. A verdict and judgment were entered in favor of the plaintiff against the city for $2,510 and the question as to who was liable over to it, whether the owners or the American Stores Company, was submitted to the trial judge for his determination without a jury. He decided that the owners were liable and from the judgment which he entered against them they have appealed. The city also has appealed from the judgment entered against it in favor of the American Stores Company. The position of the city is that it is entitled to judgments against both the owners and the tenant, but can have but one satisfaction; of the owners that the tenant alone is responsible; and of the tenant that only the owners are liable.

We, therefore, have this question presented: Where the owners of property lease it to several tenants and a third person is injured by the negligent maintenance of the pavement in front of the property and there has been a recovery against the municipality in which the property is located, can it recover over from the owners and the tenant, or is it limited in recovery to the owners alone or to the tenant alone? The case has been exhaustively presented to us on full briefs by able counsel representing all interests. We think, however, it has been argued on a broader basis than the facts warrant. The lease between the owners and the American Stores Company expressly provides that "the lessee shall be responsible for the condition of the pavement and of the

curb, cellar doors, awnings and other erections in the pavement during the term of this lease, and shall be, and hereby agrees that lessee is solely liable for any accidents alleged to be due to their defective condition. This clause is applicable only when an entire building is leased to a single tenant, or when a first floor is leased to lessee." We construe this provision in the lease to mean when the entire first floor is leased; and therefore, in effect, it has been agreed as between the landlord and the tenant under the terms of the lease, that the latter is not responsible for the condition of the pavement, as it did not rent the entire floor. This, however, would not prevent the city from making good to itself the amount awarded against it, if, as between it and the tenant, the duty was upon the latter to respond.

We start with the proposition that the owner in possession of an entire property is primarily responsible for a defective sidewalk in front thereof: Phila. v. Reading Co., 295 Pa. 183. If, however, the owner is out of possession because of a lease of the entire property, his liability ceases and the tenant is liable for injuries occurring to a third person on the premises, because of a failure to repair sidewalks: Phila. v. Merchant & Evans Co., 296 Pa. 126; Lindstrom v. Penna. Co., 212 Pa. 391; Bears v. Ambler, 9 Pa. 193. The rule is well settled that, so far as third persons are concerned, the landlord is liable for defects existing at the time of executing the lease; but where the premises become defective while in the occupancy and control of the tenant, the tenant alone is liable: Levin v. Phila., 277 Pa. 560. In Brown v. Weaver, 17 W. N. C. 230, we held the owner responsible where there was injury to a pedestrian due to a defective sidewalk in front of the building which was leased to different tenants; and in Sloan v. Hirsch, 283 Pa. 230, we approved the rule that where premises are let to several tenants, each occupying different portions, but all enjoying or using certain portions in common, the landlord is in control and owes to those lawfully on the

premises the duty to exercise reasonable care to keep
such parts in safe condition, and, for failure to do so, is
liable to persons injured in consequence of his negli-
gence. For a further ruling sustaining an owner's lia-
bility when there has been a leasing of a property by
him to more than one tenant, see Lerner v. Bergdoll, 285
Pa. 193. While the facts are somewhat different from
those in the case at bar, particularly in the respect that
the owner occupied part of the building and leased the
ground floor front room to the defendant, there is a
thorough and illuminating discussion by Judge Linn of
the general problem we are dealing with, in City of
Butler v. Western Union Telegraph Co., 93 Pa. Supe-
rior Ct. 533, where, in an action by the municipality to
recover, from the ground floor tenant of part of the prop-
erty, damages which the city had been compelled to pay
to one injured by falling on an icy sidewalk in front
thereof, it was held that the tenant was not liable.

From a study of all the authorities brought to our
attention, those cited and many others, our conclusion
is that, under the facts as they appeared in the instant
case, the owners and not the tenants are liable to re-
spond to the city and that the trial judge's determina-
tion was correct; that the sounder rule, where a prop-
erty is leased to more than one tenant, is to hold the
owner liable in actions such as this. If he has a right
over against a tenant because of contract or by reason
of duty owing by the tenant to him, he may recoup him-
self by action against the tenant.

If the entire first floor had been leased by the Ameri-
can Stores Company, a different situation would exist,
and it might well be that it would be responsible. We
express no opinion on this; we will determine that ques-
tion when a case before us presents the fact of a single
tenant on the first floor.

The assignments of error in each appeal are overruled
and the judgments are affirmed.