## Cooker et al. v. Great Atlantic & Pacific Tea Company, Appellant.

Argued October 11, 1935.

240

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles E. Kenworthey*, with him *Evans, Bayard & Frick*, for appellant.

*Bryan A. Hermes*, with him *Nathan Griffith*, for appellee.

OPINION BY BALDRIGE, J., December 18, 1935:

The plaintiffs in this action of trespass alleged in their statement of claim that the defendant occupies premises located on the northwest corner of Wayne Avenue and Queen Lane, in the city of Philadelphia, and that while the wife-plaintiff was proceeding along the sidewalk "at or near" the building, she tripped or slipped by reason of an accumulation of ice and snow on the sidewalk, and sustained an injury.

The defendant filed an affidavit of defense admitting that it conducted and occupied a store at the location stated by the plaintiffs. It averred that it did not, however, occupy the entire property, but only a portion of the first floor; that a different tenant used the the other part thereof, and at least one apartment on the second floor was in the possession of a third party; that the entire premises were owned and managed by the Wayne Realty Company, from whom the defendant

and the other tenants leased. At the trial, no evidence was offered by the plaintiffs to show that the defendant occupied or had control of the building or the entire first floor. The defense offered no evidence, and moved for a nonsuit, which was declined. The learned court below, holding that the burden was on the defendant to prove the averments in the affidavit of defense, submitted the case to the jury. Verdicts were rendered in favor of plaintiffs. Plaintiffs admitted through counsel at the argument of this appeal that the averments in the affidavit of defense relating to occupancy were true.

One of the vital facts involved, of which the plaintiffs had specific notice, was whether or not the defendant had control of the sidewalk at the point where the wife-plaintiff was injured. The proof that it had a store at this location was insufficient. The plaintiffs were required to sustain the burden of showing that the defendant had control of the entire first floor at least.

This case is ruled by Bruder v. Phila. et al., 302 Pa. 378, 153 A. 725. Moreover, this court had occasion in Baxter v. Borough of Homestead, 120 Pa. Superior Ct. 182, 182 A. 68, to consider the various phases of the problem of the respective liability over to a municipality of owners and lessees. After a review of the authorities, Judge CUNNINGHAM, speaking for the Court, said "that the owner of a property should be liable over to a municipality for a sidewalk defect except in the single case where the entire premises have been leased to one tenant."

In view of the failure of the plaintiffs to establish that the defendant was legally accountable for the condition of the sidewalk, it is unnecessary to discuss the question whether the alleged negligence was proved.

Judgments are reversed, and judgment is here entered for defendant.