## Higgins *v.* Polito, Appellant, et al.

Argued September 29, 1943. Before MAXEY, C. J., LINN, STERN, PATTERSON and STEARNE, JJ.

*Harry Diamond,* with him *Maurice Chaitkin,* for appellant.

*James P. McArdle,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 22, 1943:

This is an action in trespass to recover damages for personal injuries arising out of a fall upon the defective sidewalk of property belonging to defendant, Joseph Polito. Plaintiff instituted suit against James S. Huey and Elizabeth Huey, individually and trading and doing business at Huey's Markets, and Polito. The court below correctly granted a compulsory non-suit in favor of the former defendants, and the case was submitted to a jury in order to determine whether or not the defendant Polito was liable for the negligence alleged by the injured plaintiff. The jury returned a verdict against Polito for $10,000. (reduced by remittitur to $7,500.). Defendant's motions for judgment n. o. v. and a new trial were refused, and judgment was entered on the verdict. Defendant thereupon appealed.

Defendant-owner asserts that the entire first floor of the premises adjacent to the defective sidewalk on which the accident happened were leased to a single tenant, and because of this, the tenant, not the owner, is liable for the injury incurred. This contention is insupportable. The property of defendant is situated at the corner of Norwood and Charles Streets in Pittsburgh. The main part of the building is a two-story brick section extending back along Norwood Street. At the end of this brick section, there is a two-story frame section. These two sections are contiguous and the only access

to the second floor apartment in the brick part is by means of a stairway which runs up within the frame section. Moreover, the second floor of this section contains the apartment's only bathroom as well as another small room. The first floor of the frame addition consists of the stairway to the second floor, an entrance opening into Norwood Street and, next to this, two large doors which appear to enclose garage space. At the time of this accident, the evidence is most clear that the store on the first floor of the brick section was leased to one tenant, the first floor of the frame section either was leased to other tenants or the right of occupancy thereof remained in the defendant-owner, and the whole of the second floor was leased to another tenant. Where an owner leases an entire property to a single tenant, it is well established that such a tenant is liable for injuries occurring to a third person because of a failure to repair sidewalks: *Phila. v. Merchant & Evans Co.*, 296 Pa. 126, 145 A. 706; *Lindstrom v. Penna. Co.*, 212 Pa. 391, 61 A. 940. The instant case, however, is one of *multiple tenancy* and the opinion of Justice (later Chief Justice) SCHAFFER in *Bruder v. Philadelphia et al.*, 302 Pa. 378, 153 A. 725, is controlling. It is there decided that a tenant who has leased only one part of a building's ground floor is not liable to third parties for defects in the structure's sidewalk. In such a case, the landlord is liable, and if he has a right over against a tenant because of a contract or by reason of duty owing by the tenant to him, he may recoup himself by action against the tenant. By holding the owner primarily liable in cases where a multiple tenancy exists, the law, instead of diffusing responsibility among the various tenants, has properly concentrated it in a single individual from whom an injured third party can more easily seek redress. See *Baxter et al. v. Homestead Boro., Ap., et al.*, 120 Pa. Superior Ct., 182, 182 A. 68; *Cooker et al. v. Great Atlantic & Pacific Tea Company*, 120 Pa. Superior Ct. 239, 182 A. 71.

A careful examination of the defendant's other assignments of error shows them to be devoid of merit, and

a review of the record establishes no valid reason why the judgment against the defendant should be disturbed. The judgment of the court below is affirmed.