## Boyd v. Rager

*Martin E. Cusick* and *William J. Joyce,* for plaintiff.

*W. Allen Dill* and *David Goodwin,* for defendant.

RODGERS, P. J., March 2, 1956.—This matter comes before the court on defendant's motion for judgment on the pleadings for failure of plaintiff to file a responsive pleading to defendant's new matter and also a motion to strike off an amended complaint for the reason that plaintiff was attempting to file a new cause of action after the statute of limitations had run.

A complaint in trespass was filed in this matter on October 25, 1954, at the above number and term by Frank S. Boyd, administrator of the estate of Bertha B. Boyd, deceased, and Frank S. Boyd in his own right, plaintiff, against Edwin E. Rager, defendant. This complaint alleged three causes of action. The first cause of action, designated a survivor's action, was brought in the name of Frank S. Boyd as administrator, under the Acts of April 15, 1851, P. L. 669 and April 26, 1855, P. L. 309, and Pa. R. C. P. 2202(*b*), on behalf of four named survivors. The second cause of action, designated a survival action, was brought in the name of Frank S. Boyd as administrator on behalf of the estate of Bertha B. Boyd, deceased. The

third cause of action was an individual claim by Frank S. Boyd for personal injuries. The complaint alleged in introductory paragraphs 3 and 4 that the accident occurred on February 23, 1954, and Bertha B. Boyd was injured and died as a result of said injuries on the same date.

On December 23, 1954, the first and second causes of action brought by Frank S. Boyd, administrator of the estate of Bertha B. Boyd, deceased, were severed from the third cause of action brought by Frank S. Boyd, individually. The same date a writ to join additional defendant and a complaint were filed, joining Boyd as an additional defendant and served on him December 24, 1954. On January 10, 1955, Boyd entered his appearance as an additional defendant.

A pretrial conference was held on April 12, 1955, at which time an amended complaint in trespass was filed, which dropped all mention of Frank S. Boyd, administrator, and was captioned "Frank S. Boyd, plaintiff v. Edwin E. Rager, defendant". This amended complaint was filed more than one year after the death of Bertha B. Boyd. In this amended complaint plaintiff set up two causes of action, one styled a survivor's action, in substantially the same language as that in the original complaint, except that the children of decedent disclaimed any right to share in a recovery, and a second cause of action by Frank S. Boyd for his own injuries.

On August 2, 1955, defendant filed an answer alleging new matter, namely, the defense of the statute of limitations barring the first cause of action in the amended complaint. This answer was endorsed with a notice to plead within 20 days of service. Plaintiff failed to answer, and on September 3, 1955, a rule returnable September 26, 1955, to show cause why

judgment should not be entered was served on plaintiff. Plaintiff made no reply except to file another amended complaint on September 26, 1955, captioned Frank S. Boyd, administrator of the estate of Bertha B. Boyd. This complaint was to all extents and purposes a copy of the original complaint, except that the children of decedent made no claim.

There followed, on October 10, 1955, defendant's motion for a default judgment and motion to strike the second amended complaint, which is now before the court.

Defendants contend that they are entitled to a judgment by default against plaintiff where they have filed an answer to plaintiff's complaint, averring under new matter the defense of the statute of limitations to which plaintiff failed to reply. On this problem we adopt the argument of plaintiff's counsel as follows:

"It is questionable whether in a trespass action a plaintiff is required under any circumstances to reply to 'New Matter' contained in an answer of defendant. There is no appellate authority on point and the lower courts and text book authorities are not in agreement on this subject.

"It is true that *Goodrich-Amram* in a comment under *Section 1045(a)-2* indicates that a reply should be made to averments of fact contained in New Matter of an answer, otherwise such averments will be taken to be admitted. Yet in *Volume 2, Anderson's Pennsylvania Practice, page 663 et seq.*, it is pointed out that the rules of civil procedure as presently written do not require a plaintiff in a trespass action to reply to New Matter set out in a defendants' answer. Rule 1045(*b*) reads as follows:

" '(b) A party who fails to file a responsive pleading shall be deemed to admit all averments relating

to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied.'

"In Grazer v. Newman, No. (2) 72 D & C 48 (1950) it was held by the Court of Common Pleas of Lehigh County that while affirmative defenses such as the running of the statute of limitations must be pleaded as New Matter, a plaintiff is under no duty to reply thereto in an action of trespass, the sole penalty for failure to do so being the admission of identity, ownership or agency. At page 52 the Court stated:

" 'We agree with Goodrich-Amram that a plaintiff should be compelled to answer the facts in a pleading in trespass setting up an affirmative defense, but it is clear that no rule of civil procedure now requires it. We recognize that this disposition of the rule either leaves the parties in a stalemate or invites plaintiff into what promises to be a futile trial, but that cannot be helped. The remedy lies with the Procedural Rules Committee and not with the court.

" 'Under the circumstances, we need not decide whether defendant's new matter is a statement of fact calling for reply or a statement of law, requiring no denial.'

"To the same effect in the case of *Plischke v. Sinclair Refining Co., 36 Westmoreland Legal Journal 279 (1954)*."

In view of the authorities hereinabove cited, it is our opinion that the failure of plaintiff to reply to new matter contained in an answer of defendant, endorsed with a notice to plead, constitutes an admission of only those facts stated in the new matter relating to identity, agency and ownership and that the motion for judgment must be denied.

Actually, the above comment on the procedural problem involved may be mere dictum, for even if plaintiff is required to reply to new matter properly endorsed with a notice to plead, his failure to reply does nothing more than constitute an admission of all of the allegations of *fact* contained in the new matter: 1 Goodrich-Amram, sec. 1045(c)-2. Upon examining the new matter in defendant's answer, we find the following averments of fact:

(a) The first cause of action of the amended complaint sets forth a claim by Frank S. Boyd as the husband under the Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309, and amendments, and Pa. R. C. P. 2202(b).

(b) That the amended complaint was filed April 12, 1955, more than one year after the death of the said Bertha B. Boyd.

(c) That the original complaint sets forth a cause of action by Frank S. Boyd as administrator under the Acts of 1851 and 1855 and Pa. R. C. P. 2202 (a).

The statement under paragraph 1 of defendant's answer: "Such claims constitute a cause of action which is barred by the Statute of Limitations" and the statement under paragraph 2 of defendant's answer: "The amended complaint sets forth a new cause of action which is barred by the statute of limitations", are certainly conclusions of law and cannot be deemed to have been admitted.

Therefore, even if we held that plaintiff was bound to answer, he would in this case be admitting nothing which is not already a matter of record. In our opinion this motion must be denied.

There remains defendant's motion to strike the second amended complaint. Although the amended complaint was filed more than one year after the cause of action arose, the original complaint was filed with-

in the statutory period. The statute of limitations would be a bar to the second complaint only if the cause of action had changed or if new parties were on the record.

One question is whether plaintiff lost his right to assert a survivors' claim by changing the caption of the case after the statutory period had expired. Has a new party appeared on the record with reference to the survivors' claim? Actually, no operative changes are evident in the statement of the survivors' claim or cause of action as set out in the three complaints, except the elimination of any claim by decedent's children. Whether new parties appeared on the record is, we believe, a question of law which is governed by the opinion of the Supreme Court in Minkin v. Minkin, 336 Pa. 49, where the court declined to consider that a new party had been placed on the record and said: "By amending the title no new cause of action against defendant is introduced and no new party is brought in."

In that case a suit had been begun by a minor acting by his next friend and the court sustained an amended complaint filed after the statute had run, altering the caption to read: "Kate M. Minkin, statutory plaintiff, suing on behalf of Gerome M. Minkin, a minor, against Kate M. Minkin." The Supreme Court, on page 54, said:

"The bringing of suit by a person having a real interest in the name of a legal plaintiff who no longer has such an interest is not unfamiliar practice in Pennsylvania, nor has a defendant ever been allowed to question the relation between the legal and the real plaintiff."

While not strictly analogous the reasoning is clearly applicable here. Certainly, the captions of the two amended complaints could not be said to have increased

any of the responsibilities of defendant. Throughout the three complaints, the real parties in interest were the designated heirs of Bertha B. Boyd. These were decreased, not increased, to one party, i. e. Frank S. Boyd, by the first amended complaint which eliminated any claim on behalf of the three children of the deceased who had disclaimed any right to recovery.

The remarks of Chief Justice Kephart in Mumma v. Philadelphia and Reading Railroad Company, 275 Pa. 277 at 282, cited by defendant, are pure dicta for that case was decided under Federal law.

Waugh v. Steelton Taxicab Company, 371 Pa. 436, is a strong indication of the feeling of liberality on the part of our Supreme Court with reference to the amendment of complaints. There plaintiff was injured while riding in a cab owned by "The Steelton Taxicab Company" and brought an action in trespass against defendant, Steelton Taxicab Company, a corporation, "only to find, after the statute of limitations had run, that the said taxicab 'company' was not a corporation but a fictitious name." The Supreme Court permitted plaintiff to amend after the running of the statute of limitations to place on the record the name of the individual owner of the "Company" and said, in commenting on the prohibition against bringing on the record a new party in a different capacity:

"But that proposition is not involved here at all because Kosir is not a new party nor is he a party in a different capacity. Although Kosir was wearing the cloak of the Steelton Taxicab Company he was the precise person involved in the accident and he was precisely the person served, through his agent employed in his very business office. . . . the said taxicab company was not a corporation but a fictitious name used by Anthony John Kosir in the conduct of his taxicab business."

This case is cited with approval by the Supreme Court in Downes v. Hodin, 377 Pa. 208, 215. Even more on point and supporting the same position is the case of Tillinghast v. Maggs, 111 A. 2d 713, Rhode Island Supreme Court (1955), where the court said:

"But defendant further contends that the action was *initiated* by the beneficiaries as plaintiffs whereas the right of action in Connecticut is given only to 'an executor or administrator' of the decedent's estate; that such proceeding must be treated as a nullity; and that therefore the proposed amendment, after the limitation of such statute had expired, would necessarily amount to a new and different cause of action. . . . Clearly under the Connecticut wrongful death statute all proceeds recoverable in such action belong to the beneficiaries and *not* to the estate or administrator thereof, even though the right of action is given to an executor or administrator of the deceased. The administrator apparently is treated merely as a trustee or agency to bring the action for the benefit of the heirs of the deceased as provided by Connecticut law. Moreover the defendant does not dispute the fact that Connecticut has a statute of amendments which generally is applied liberally in order to prevent the failure of an otherwise good cause of action for want of a proper party plaintiff."

The court concluded that in their view they did not believe the courts intended that either the limitation prescribed in the death statute or the statute of amendments was to be applied so strictly as to prevent a proper party plaintiff from being added to a declaration that otherwise stated a good cause of action under their wrongful death statute. We believe that the present case is bound by the same reasoning.

Here the fact that plaintiff's caption is changed does not change the form of the action. The amend-

ment was not one of substance, for plaintiff, suing in a representative capacity, was suing actually for his own rights under the relevant acts. This was so stated in the complaint. In the second amended complaint the caption was changed but he still relied on the same statute and the same grounds for recovery. There was no new or different set of facts upon which the action was grounded.

Thus, whether suit is brought in the name of Frank S. Boyd or Frank S. Boyd, administrator, the basis of plaintiff's recovery has not been changed; the measure of damages has remained the same; the same proof is required and the same defenses are available. See Arner v. Sokol, 373 Pa. 587, 591, where the court said:

" ' "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?" ' " See also Downes v. Hodin, 377 Pa. 208, 215.

This being true, we do not believe that our statutes or the decisions of our appellate courts require us to strike down this complaint. See Philadelphia v. Sulzer's Estate, 342 Pa. 37; Fry v. United Traction Company of Pittsburgh, 320 Pa. 196, at page 199, and Greenfield v. Ruberg, 154 Pa. Superior Ct. 121, 123.

### Order

And now, March 2, 1956, defendant's motion for judgment is denied.

Defendant's motion to strike the second amended complaint filed September 26, 1955, is denied and leave is hereby granted plaintiff nunc pro tunc to file the said second amended complaint.