## Hallowell v. Acme Plastic Products Co., Inc.

*William C. Cahill, 3d,* for plaintiff.

*Benjamin R. Shanken,* for defendant.

DANNEHOWER, J., February 11, 1957.—This matter is before the court on cross motions by plaintiff, Ralph P. Hallowell, and defendant, Acme Plastic Products Company, Inc., for judgment on the pleadings upon a complaint, answer and new matter and reply, in an action in assumpsit for the sum of $8,500, based on a written contract for the transfer by plaintiff to defendant of certain shares of the latter's corporate stock.

The motions have been argued before the court en banc and are now pending for decision.

The present controversy arises out of the following agreement:

"It is understood and agreed that this is an acknowledgement of receipt of invoice by Acme Plastic Products Company, Inc., from Ralph P. Hallowell, for the

sum of $10,500.00 and surrender of Stock Certificates #6 and #10 covering 210 shares of stock in Acme Plastic Products, Company, Inc., such certificates properly indorsed for transfer.

"It is agreed that payment of invoice be as follows:

"$1,000.00 immediately, *and subsequent payments at such times as funds are deemed available by B. Emmett House. This mode of payment employed for the express purpose of preventing any curtailment or adverse financial stress on Acme Plastic Products Company, and/or B. Emmett House.*

"The above being a definite part of our agreement to purchase said stock at this time." (Italics supplied.)

It is averred in the complaint and admitted in the answer that the above agreement was entered into on September 17, 1954, and that on the same date defendant made payment to plaintiff of $1,000, pursuant to the terms of the agreement. It was also admitted that an additional $1,000 was paid on May 24, 1955, and that nothing more has been paid since that time. Defendant denies, however, that the balance of $8,500 is presently due, but indicates that the sum of $1,500 is now available for payment on account.

In new matter defendant avers that the book value of the stock at the time of the agreement was $40 and that the additional sum of $10 per share was in consideration of the waiting period stipulated in the agreement and of the waiver by plaintiff of interest on the balance.

Plaintiff asks us not to consider the contents of defendant's new matter on the grounds that it is immaterial and has no relevancy to the issue raised in the complaint. It is evident that the relief sought by defendant is a reformation of the written instrument which is not in the nature of an affirmative defense and therefore improperly pleaded under "New Matter". See Pa. R. C. P. 1030.

The reasons assigned by plaintiff for its motion for summary judgment are: (1) The answer admits liability on the written contract, and (2) the answer fails to raise a legal defense to the claim.

It is true that defendant admits owing the balance of $8,500 on the contract; however, it is denied that the full amount is presently due and payable. Defendant urges therefore, that judgment be entered in its favor, and the reason ascribed is that the complaint "fails to state a case which is enforceable at law".

Plaintiff's counsel argues that, although the contract is silent with respect to time for payment, nevertheless a "reasonable time" is implied, and that the period of approximately one and one-half years, which is the time elapsed from September 17, 1954, to the filing of the complaint, is reasonable as a matter of law.

Counsel for defendant takes refuge in the clause embodied in the contract which provides that payments are to be made "at such times as funds are deemed available by B. Emmett House". Thus, it is contended that the president of defendant company, under the express terms of the agreement, is to use his own discretion in deciding when to make payment, and that this provision was inserted "to prevent any curtailment or adverse financial stress on Acme Plastic Products Company, and/or B. Emmett House".

It occurs to us at the outset that these opposing contentions raise certain questions of fact which necessarily place the instant motions beyond the court's purview. The contract, on its face, affords defendant the right to determine the due date of payment as the financial needs of the company permit. Hence, evidence should be presented in order to ascertain whether defendant is able to pay or whether it is withholding payment arbitrarily. All the factors attendant to the making of the agreement should be presented so as to

clarify and explain the instrument which is lacking in an essential element. Under the circumstances peculiar to this case, we cannot say, as a matter of law, that a period of one and one-half years is a reasonable time for final payment. In other words, there are issues of fact raised which should be disposed of by a jury.

The law is well settled that a motion for judgment on the pleadings will not be entered except on a clear case and where there are no issues of fact in dispute: Vrabel v. Scholler, 369 Pa. 235.

A succinct statement of the law in this regard appears in the case of Bank v. Ellis, 161 Pa. 241, where it was stated on page 244:

"To entitle a plaintiff to judgment for want of an affidavit of defence or for want of a sufficient affidavit of defence, the statement of his demand . . . must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim. . . . All the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made part thereof." See also Downes v. Hodin, 377 Pa. 208.

Plaintiff calls our attention to the case of Wilker v. Jenkins, 88 Pa. Superior Co. 177, where it was decided that six years was a reasonable time for payment on a note which provided for payment "as fast as I can". The case differs from the one at bar however, not only in the period of time involved, but because there was nothing left to the judgment or discretion of the debtor concerning time for payment. In the present case defendant is obligated to make payment, provided in its judgment, the financial status of the company permits it.

In Flaharty v. Blackburn, 54 D. & C. 323, also relied upon by plaintiff, suit was brought on a note more than four years after its date, where it stated that it was "to be paid as he can". In overruling the maker's affidavit of defense, the court held the obligation to be binding, observing that the maker was not the sole judge with discretion as to the time of payment. Again, the case is distinguished from the one at bar.

Upon a careful consideration of the arguments raised in counsels' arguments and briefs and because of the circumstances peculiar to this case, we are of the opinion that a period of one and one-half years is not reasonable as a matter of law for payment on the contract, and that, accordingly, the question raised should be submitted to a jury for determination.

## Order

And now, February 11, 1957, in view of the foregoing, the respective motions of plaintiff and defendant for judgment on the pleadings are overruled and dismissed.